J-S15024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PIERRE LAMONT PINSON | : | |
| | : | |
| Appellant | : | No. 1170 WDA 2024 |

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013750-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PIERRE LAMONT PINSON | : | |
| | : | |
| Appellant | : | No. 111 WDA 2025 |

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014157-1999

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                     **FILED: JULY 21, 2025**

Pierre Lamont Pinson ("Pinson") appeals from the order dismissing as untimely his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

We briefly note that in mid-September 1999, the Commonwealth charged Pinson in two separate criminal complaints. Separate juries tried Pinson in Summer 2000. In the first case, the jury found Pinson guilty of four counts of aggravated assault, one count of conspiracy, and one count of carrying a firearm without a license; in the second case, the jury convicted him of three counts of robbery, two counts of conspiracy, and one count of attempted robbery. The trial court consolidated the cases for sentencing and imposed an aggregate term of fifty to one-hundred-and-fifty years in prison. Pinson appealed and this Court affirmed the judgments of sentence in 2000 and 2002, and the Pennsylvania Supreme Court subsequently denied leave to appeal in 2002 and 2004. In the ensuing twenty-plus years, Pinson filed five PCRA petitions.

Pinson filed the instant PCRA petition, his sixth, in 2023, challenging the legality of his aggregate sentence. The PCRA court appointed counsel, who subsequently filed a motion to withdraw which the court granted. On December 19, 2023, the PCRA court issued notice of its intent to dismiss the petition without a hearing as untimely. **See** Rule 907 Notice, 12/19/23, at 1 (unnumbered). The PCRA court dismissed the petition as untimely on May 21, 2024. This appeal followed.[2]

---

[2] Pinson complied with the dictates of our Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding prospectively from the date of the **Walker** decision, "where a single order
*(Footnote Continued Next Page)*

On appeal, Pinson raises the following question for our review.

Did the PCRA court err when it dismissed Pinson's petition without providing a meaningful explanation of its intent to dismiss and affording Pinson an opportunity to respond as required by Pa.R.Crim.P. 907?

Pinson's Brief at 4.

Pinson appeals from the denial of his untimely PCRA petition asserting the illegality of his sentence. We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id**.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The

_____

resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). On February 25, 2025, this Court consolidated the appeals *sua sponte*. Pinson and the trial court also complied with Pa.R.A.P. 1925.

- 3 -

timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (recognizing courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims [in a PCRA petition]." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Pinson's judgments of sentence, as previously determined by this Court, became final on November 26, 2002, and June 25, 2004, respectively. *See Commonwealth v. Pinson*, 266 A.3d 648 (Pa. Super. 2020) (unpublished memorandum at *3). He did not file the instant petition until March 2023. Thus, the petition is untimely.

A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a

valid exception, the court is without jurisdiction to review the petition or provide relief. **See Spotz**, 171 A.3d at 676.

Critically, Pinson has not pled or proven an exception to the PCRA's timeliness requirement.[3] **See** 42 Pa.C.S.A. § 9545(b)(1). On appeal, he argues only that the PCRA court's Rule 907 notice was inadequate. **See** Pinson's Brief at 15-22. However, this Court has held that even the complete failure to issue a Rule 907 notice is not reversible error in the case of a patently untimely PCRA petition. **See Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023), **appeal denied**, 318 A.3d 97 (Pa. 2024). Here, as noted above, the PCRA court issued a Rule 907 notice and the notice clearly explained why the court intended to dismiss the petition, namely, it was untimely and none of the time-bar exceptions applied. **See** Rule 907 Notice, 12/19/23, at 1 (unnumbered). Moreover, while not artfully phrased, the notice gave Pinson, who had filed five prior PCRA petitions, the opportunity to respond and the PCRA court did not dismiss the petition until May 21, 2023,

---

[3] Pinson's claim that his sentence was illegal does not avail him. The Pennsylvania Supreme Court has explained: "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). Pinson cannot elude the PCRA's timeliness requirements based on an untimely claim he received an illegal sentence. **See id**.

over five months later.[4] *See id*.; *see also* Order, 5/21/23, at 1 (unnumbered). Pinson's claim the Rule 907 notice was deficient does not merit relief. *See Commonwealth v. Smith*, 2019 WL 3800242, at *3 n. 3 (Pa. Super., August 13, 2019) (unpublished memorandum) (rejecting claim that a Rule 907 notice was inadequate for failing to give sufficient explanation of the reasons for dismissal where the notice said the petition was time-barred).[5]

Pinson's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." *Lewis*, 63 A.3d at 1281.

Order affirmed.

President Judge Emeritus Ford Elliott joins this decision.

Judge Olson concurs in the result.

---

[4] The record reflects that, during the period between the issuance of the Rule 907 notice and the dismissal of the PCRA petition, Pinson corresponded on five separate occasions with the PCRA court. *See* Index, at 6. Thus, Pinson had the means and ability to send a response to the Rule 907 notice if he so chose.

[5] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decision of Superior Court filed after May 1, 2019, may be cited for its persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/21/2025